Mark Washington, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*John R. Merrick,* Public Defender of Chester County, with him *Alan Lourie,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 15, 1983:

Mark Washington (petitioner) has appealed from an order of the Pennsylvania Board of Probation and Parole (board) revoking his parole and recommitting him as a technical parole violator for violating conditions of his parole.

The petitioner challenges the sufficiency of the evidence; specifically, he contends that the board revoked his parole based on hearsay testimony and that excluding the hearsay testimony the remaining evidence of record is insufficient to support the board's decision to revoke his parole. He also asserts that the board erred by considering an earlier summary conviction in determining whether to recommit him as a technical parole violator because the notice of charges did not include the summary conviction.

Our review is limited to a determination of whether the adjudication is supported by substantial evidence, is in accordance with law and observant of the

petitioner's constitutional rights. 2 Pa. C. S. §704. *See Bronson v. Pennsylvania Board of Probation and Parole,* 421 Pa. 549, 421 A.2d 1021 (1980).

The petitioner was charged with violating two conditions of his parole; that he refrain from owning or possessing any firearms or other weapons and that he refrain from any assaultive behavior.[1] In support of its contention that petitioner violated these two conditions the board stated in its notice of charges that:

> On 2/12/82 you had in your possession a dangerous/offense weapon (knife). A Violation of Condition #5B.
>
> On 2/12/82 you allegedly stabbed Jonas Hampton inside the Princes' Tavern, 225 High St., Phoenixville, Pa. A Violation of Condition #5C.

At the petitioner's revocation hearing on June 24, 1982, the alleged victim, Jonas Hampton, testified that on February 12, 1982, he was sitting on a stool in a bar in Phoenixville; that about 1:00 a.m. he saw the petitioner and another man fighting; that he got off his stool and reached over to take the petitioner off the other man; that he felt something in his back, looked around and saw the petitioner backing away from him; that he felt blood coming down his back as he fell to the floor; that when he looked around and saw the petitioner, no one else was near; that he did not see a knife in the petitioner's hand; and finally, that he was hospitalized for two weeks as a result of the wound and did not know until the doctor told him that the wound had been inflicted by a knife. The board does not dispute the hearsay nature of the testimony concerning what the doctor said; it con-

---

[1] The petitioner was acquitted by a jury of criminal charges growing out of the incident described in this opinion.

tends that the other testimony of the victim supports the board's charges.

It is the petitioner's position that in order to comport with the minimum standards of procedural due process, the board, before admitting hearsay testimony, must make specific findings of good cause for not permitting the parolee to confront and cross-examine an out-of-court declarant whose statement is sought to be introduced as evidence:

> Both Board regulation 37 Pa. Code §71.2(16) and the federal constitution, *see* Morrissey v. Brewer, 408 U.S. 471 (1972), require that a parolee be permitted to confront and cross-examine those upon whose statements the Board relies in revoking parole unless a specific finding of good cause for not allowing confrontation is made by the Board or its designee. *See* Kemp v. Board of Probation and Parole, 43 Pa. Commonwealth Ct. 390, 402 A.2d 708 (1979) (applying Board regulation); *Herring, supra* (applying constitutional standards). The right to confront and cross-examine, however, can be waived, Commonwealth v. Petrillo, 340 Pa. 33, 16 A.2d 50 (1940), and if no objection is voiced to the introduction of hearsay evidence at a revocation hearing, a parolee cannot later challenge its admission. *See* Commonwealth v. Moore, 440 Pa. 86, 270 A.2d 200 (1970). Indeed, it is not the introduction of hearsay evidence at a revocation hearing which is error but the admission of hearsay over objection and without a finding of good cause.

*Sinwell v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 429, 431-32, 406 A.2d 597, 599 (1979). Here, the petitioner objected to the introduction of the doctor's statements made

to the alleged victim concerning the instrument used in inflicting the victim's wound. Having not made any such findings of good cause for abridging the petitioner's dual rights of confrontation and cross-examination, the board erred in admitting the hearsay testimony in question; and this evidence cannot be considered in determining whether substantial evidence exists to sustain the revocation of petitioner's parole.

Excluding the doctor's testimony identifying a knife as the weapon there is not substantial evidence that the petitioner possessed a knife. The alleged victim's testimony, however, amply supports the board's second finding that the petitioner failed to refrain from engaging in assaultive behavior. "The quantum of proof necessary to establish grounds for parole revocation is significantly less than that required to sustain a criminal conviction. . . . [A] basis for revoking parole is established by evidence of probative value substantiating the parolee's violation of the terms of his parole." *Commonwealth v. Rossetti*, 255 Pa. Superior Ct. 524, 528, 388 A.2d 1090, 1092 (1978) (citations omitted).

"Since identity can be proven by circumstantial evidence at a criminal trial . . . there is absolutely no doubt as to the propriety of relying on such circumstantial evidence in a parole revocation hearing." *Rossetti*, 255 Pa. Superior Ct. at 528-29, 388 A.2d at 1093 (citations omitted). It is a fair inference from the record evidence recited at the beginning of this opinion that the petitioner was the only person in a position to inflect injury to the victim, particularly in view of the fact that when the victim felt something in his back and then blood coming down, he turned around and saw the petitioner backing away from him.

Finally, we turn to the petitioner's contention that the board erred in considering his summary conviction in determining whether to recommit him without notice of this matter in the charges. During the violation hearing, the petitioner's parole agent testified that the petitioner had pleaded guilty to a summary offense of harassment. But the board did not employ this statement in determining that the petitioner had violated the conditions of his parole, rather, it employed this statement with respect to determining whether the petitioner should be recommitted on account of the violation of the conditions of parole. The board may consider a summary conviction committed on parole in determining that the parole should be revoked although it may not use the conviction to establish a violation of the conditions of parole where no amended notice stating the board's intention to use the conviction for the latter purpose was provided. *United States ex rel. Fitzpatrick v. United States Parole Commission,* 444 F. Supp. 1302, 1306 (M.D. Pa. 1978). *See also Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 15-16, 314 A.2d 842, 846 (1973).

Because the record reveals that petitioner committed one technical violation of his parole by engaging in assaultive behavior on February 12, 1982, the board's revocation of the parole was regular. *See Commonwealth v. Newman,* 225 Pa. Superior Ct. 327, 329, 310 A.2d 380, 381 (1973) (court properly revoked probation although only one of two charged violations was supported by the evidence).

Order affirmed.

ORDER

AND Now, this 15th day of April, 1983, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.