Ronald SERRANO, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 19, 1996.
Decided March 4, 1996.

David Crowley, Chief Public Defender, for Petitioner.

Arthur R. Thomas, Assistant Chief Counsel, for Respondent.

Before McGINLEY and SMITH, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Ronald Serrano (Serrano) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) wherein the Board dismissed Serrano's administrative appeal from its partial rescission of a previously issued revocation decision.

The relevant facts are as follows. On July 23, 1993, Serrano was paroled from a county prison on an aggregate sentence of nine (9) months to two (2) years, nine (9) months and twenty-nine (29) days.[1] On October 12, 1993, he was arrested on new criminal charges for which he posted bond and was released. On October 22, 1993, Serrano was arrested and detained by Board warrant and charged with technical parole violations. Following a violation hearing, the Board, by order dated February 3, 1994, recommitted Serrano as a technical parole violator to serve six (6) months backtime when available.

On March 18, 1994, Serrano pled guilty to the new criminal charges arising out of his October 12, 1993 arrest. On May 31, 1994, he was sentenced to a term of two (2) to five (5) years in a State Correctional Institution. On June 3, 1994, he was transferred to the State Correctional Institute at Rockview (Rockview) to begin serving his new sentence.

On October 25, 1994, the Board held a revocation hearing following which, by order dated January 13, 1995, Serrano was recommitted to serve fifteen (15) months backtime as a convicted parole violator. On March 16, 1995, Serrano filed an administrative appeal with regard to his convicted parole violator recommitment.[2] The Board, by order dated June 2, 1995, granted Serrano administrative relief, rescinding all references to his status as a convicted parole violator. In the same order, the Board referenced Serrano's recommitment as a technical parole violator to serve six (6) months backtime "when available."

Serrano filed an administrative appeal from the Board's order on June 12,

1. As set forth in Section 9757 of the Sentencing Code, 42 Pa.C.S. § 9757, and judicially held to be mandatory, consecutive sentences imposed by the common pleas courts are aggregated with any other consecutive sentences an offender may be serving, including sentences imposed previously by different courts. *See Gillespie v. Department of Corrections*, 106 Pa.Cmwlth. 500, 527 A.2d 1061 (1987), *petition for allowance of appeal denied*, 518 Pa. 614, 540 A.2d 535 (1988). Thus, Serrano's aggregate sentence resulted from his having been sentenced, on September 20, 1991, to a period of incarceration of four (4) months to two (2) years less one (1) day, and his having received two concurrent sentences of five (5) months to ten (10) months on October 13, 1992; the two concurrent sentences to be served consecutively to the September 20, 1991 sentence.

2. Serrano argued that the Board failed to hold a timely revocation hearing on his status as a convicted parole violator.

1995, arguing that the Board improperly recommitted him as a technical parole violator to serve six (6) months "when available" in its June 2, 1995 order rescinding its recommitment of Serrano as a convicted parole violator. The Board, by order dated August 3, 1995, denied Serrano's administrative appeal and he petitioned this Court on August 28, 1995.[3]

■ Initially and significantly, we note that Serrano, after having been paroled on July 23, 1993, and following his arrest on new criminal charges on October 12, 1993, was granted bail, posted bond and was released from custody. Thereafter, on October 22, 1993, Serrano was incarcerated pending disposition of the criminal charges based solely on the Board's warrant to detain him. Serrano remained incarcerated based solely on the Board's detainer until March 18, 1994, the date he pled guilty to the new criminal charges. Serrano now asserts that the pretrial time which he spent incarcerated based solely on the Board's detainer (the period from October 22, 1993 through March 18, 1994, i.e., 5 months) is time which he is entitled to have credited against the six (6) months backtime he is to serve as a technical parole violator. We agree.

It is in this very situation that the issue of whether a parolee posted bail following his arrest on new criminal charges becomes relevant. If the offender, following arrest on new criminal charges fails to satisfy bail requirements, then his pretrial confinement is credited toward any new criminal sentence which may be imposed. However, where, as here, the offender, following arrest on new criminal charges, posts bail with respect to the new charges and is thereafter imprisoned based solely on the Board's detainer warrant, any pretrial time spent in custody pursuant to the warrant is to be credited to the original sentence as backtime served. *See Gaito v. Board of Probation and Parole,* 128 Pa. Cmwlth. 253, 563 A.2d 545 (1989); *see also Davidson v. Pennsylvania Board of Proba-*

*tion and Parole,* 667 A.2d 1206 (Pa.Cmwlth. 1995).

Based on the foregoing, it is clear that Serrano is entitled to five (5) months credit towards the six (6) months backtime for technical parole violations imposed by the Board; as the Board did not specifically credit Serrano with this time, we will vacate its order with directions.

■ The only remaining matter which must be addressed is when was or when will Serrano become "available" to serve the remaining one (1) month backtime of his original sentence.

Serrano argues that he became "available" to serve his backtime prior to his being transferred to Rockview and that, accordingly, he is not required to serve his backtime once he completes his new sentence. The Board asserts that Serrano must serve any backtime following his new sentence at Rockview and that, therefore, he is not yet "available." We agree with the Board's contentions relating to this matter.

Section 21.1(a) of the 1941 parole Act[4] specifies the order in which a parolee who is sentenced on new criminal charges and is recommitted to serve backtime on his original sentence must be served. This Section provides, in relevant part, as follows:

> [I]f a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:
>
> (1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.
>
> (2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be

---

**3.** We note that our scope of review is limited to a determination of whether the Board's findings are supported by substantial evidence, whether an error of law was committed, and whether any of the parolee's constitutional rights were violated. *Washington v. Pennsylvania Board of Proba-*

*tion and Parole,* 73 Pa.Cmwlth. 432, 458 A.2d 645 (1983).

**4.** Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.21a(a).

served in the same county penal or correctional institution.

*In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.* (Emphasis added).

Here, Serrano was serving his original sentence in a county correctional institution and his new sentence was to a State correctional institution. Accordingly, service of his new sentence would precede commencement of the balance of his original term.

## ORDER

AND NOW, this 4th day of March, 1996, the order of the Pennsylvania Board of Probation and Parole dated August 3, 1995 is vacated and the Pennsylvania Board of Probation and Parole is directed to:

1. Credit Ronald Serrano's backtime with the time he was imprisoned under the Pennsylvania Board of Probation and Parole's detainer for the period of October 22, 1993 through March 18, 1994;

2. The remainder of Ronald Serrano's backtime shall be served following his service of the sentence imposed on May 31, 1994 by the Court of Common Pleas of Philadelphia County of two (2) to five (5) years in a State Correctional Institution.