# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Thomas Michael,      :
                  Petitioner  :
                              :
        v.                    :      No. 727 C.D. 2016
                              :      Submitted:  November 4, 2016
Pennsylvania Board of Probation and  :
Parole,                       :
                  Respondent  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**            **FILED:  February 1, 2017**

Nicholas Thomas Michael (Michael) petitions for review of an April 21, 2016 Order of the Pennsylvania Board of Probation and Parole (Board) that denied Michael's Administrative Appeal and affirmed its Decision, mailed February 22, 2016, which recalculated his parole violation maximum date as January 25, 2017. Michael is represented in this matter by David Crowley, Esquire (Counsel). Presently before this Court for disposition is Counsel's Application to Withdraw Appearance (Application to Withdraw) and Counsel's "Ander's Brief,"[1] which is

---

[1] In probation and parole cases where no constitutional right to counsel is involved, an attorney wishing to withdraw from representing a prisoner is permitted to file a no-merit letter instead of a brief in accordance with Anders v. State of California, 386 U.S. 738 (1967).

*(Continued…)*

based on his conclusion that Michael's Petition for Review is without merit. For the reasons that follow, we grant Counsel's Application to Withdraw and affirm the Board's Order.

On August 23, 2012, Michael was sentenced to serve one to three years in a state correctional institution on retail theft charges. (C.R. at 1-2.) His original minimum release date was August 23, 2013, and his original maximum release date was August 23, 2015. (Id.) On October 15, 2013, the Board granted parole to Michael, and he was released on November 25, 2013. (C.R. at 4, 8.)

On September 23, 2014, a criminal complaint was filed against Michael accusing him of retail theft in Philadelphia County. (C.R. at 13.) On September 25, 2014, the Board issued Warrant to Commit and Detain Michael for violating his parole. (C.R. at 20.) At his preliminary hearing on October 24, 2014, the new retail theft charge was withdrawn. (C.R. at 17, 19.) The detainer was lifted, but Michael remained incarcerated in the county jail on an unrelated county probation violation until his release on November 7, 2014. (C.R. at 46.)

---

Seilhamer v. Pa. Bd. of Prob. and Parole, 996 A.2d 40, 42 n.4 (Pa. Cmwlth. 2010). A constitutional right to counsel exists where a parolee presents:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

Id. (quoting Hughes v. Pa. Bd. of Prob. and Parole, 977 A.2d 19, 26 (Pa. Cmwlth. 2009)). Here, Michael has no constitutional right to counsel, but does have a statutory right to counsel under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, as amended, 16 P.S. § 9960.6(a)(10). Therefore, Counsel could have filed a no-merit letter instead of an Anders brief. Thus, we will treat Counsel's Anders Brief as if it were filed as a no-merit letter and will refer to it as such.

2

On December 22, 2014, Michael was once again arrested for retail theft, this time in Lancaster County. (C.R. at 30, 35.) He was confined to the Lancaster County Prison, unable to post bond. (C.R. at 35.) The Board issued another Warrant to Commit and Detain on December 23, 2014. (C.R. at 44.) Michael waived his right to counsel and to a detention hearing on December 30, 2014, (C.R. at 50), and originally the Board issued a decision that he was to continue on parole because of a lack of probable cause due to the criminal complaint not being properly signed. (C.R. at 57-58, 67). After his retail theft charge was held over to court, though, the Board issued another detainer and rendered a decision detaining Michael pending disposition of the criminal charges. (C.R. at 54, 59, 67.)

Michael pled guilty to retail theft in Lancaster County on June 1, 2015 and was sentenced to 6 months to 23 months confinement, followed by 3 years' probation. (C.R. at 61.) Six months after Michael was sentenced, the trial court issued an Order stating Michael was "immediately eligible to be paroled without petition on a time-served basis from the Lancaster County sentence directly to a state detainer . . . effective May 24, 2015." (C.R. at 104.)

On August 14, 2015, a revocation hearing was held at the State Correctional Institution at Graterford. (C.R. at 81.) At the hearing, Michael admitted to the Lancaster County conviction. (C.R. at 86-87, 89-90.) By Board decision mailed on October 30, 2015, the Board recommitted Michael as a convicted parole violator (CPV) to serve nine months, "when available," pending parole from (or completion of) his Lancaster County sentence. (C.R. at 96-97.) His parole violation maximum date was now March 11, 2017.[2] (Id.)

---

[2] This date was adjusted to March 10, 2017, by a Board decision mailed December 16, 2015. (C.R. at 107.)

Michael filed a number of administrative review petitions and sent various letters to the Board wherein he asserted he was available to begin serving his backtime either on June 1, 2015, the date he was sentenced in Lancaster, or May 24, 2015, the date the trial court made its order effective. (C.R. at 99, 101, 103, 106, 111, 113, 116, 118.) In a letter mailed February 25, 2016,[3] the Board acknowledged a calculation error. (C.R. at 123.) The error was corrected in a Decision mailed on February 22, 2016, that changed Michael's maximum date from March 10, 2017 to January 25, 2017, and his parole re-eligibility date from April 15, 2016 to March 1, 2016. (C.R. at 123-24.) The dates were recalculated using June 1, 2015, as the date of release from the Lancaster County sentence. (C.R. at 126.)

Still dissatisfied, Michael filed another pro se administrative appeal, asserting for the first time that he should also be given credit for the period of December 22, 2014 to June 1, 2015, the time served in Lancaster County Prison. (C.R. at 131, 133.) By Order mailed April 21, 2016, the Board rejected Michael's claim and affirmed its prior determination. (C.R. at 137-38.) Specifically, the Board found Michael had 636 days remaining on his sentence at the time he was paroled. (C.R. at 137.) The Board did not credit his original sentence for Michael's period of confinement from December 23, 2014 to June 1, 2015, because he was being held either on new charges from which he did not post bail and on the Board detainer or solely on the new charges. (Id.) Citing Gaito v. Pennsylvania Board of Probation and Parole, 412 A.2d 568 (Pa. 1980), the Board determined that time must be applied to Michael's new sentence, not his original

_____

[3] The date stamp on the letter actually states it was mailed February 25, 2015, instead of 2016. This is an obvious error as the letter discusses events that post-date 2015.

4

one.  (Id.)  The Board noted it did give Michael credit for 32 days he spent confined on the Philadelphia County charges, which were ultimately withdrawn. (C.R. at 137-38.)  After subtracting the 32-day credit from the 636 days owed, the Board found 604 days remaining on his sentence.  (C.R. at 138.)  Because Michael was required to serve his new sentence first, according to the Board, he did not become available to serve his original sentence until June 1, 2015.  (Id.)  The addition of 604 days to that date yields a new maximum sentence date of January 25, 2017.  (Id.)

On May 9, 2016, Michael, through Counsel, filed a Petition for Review in this Court seeking review of the Board's April 21, 2016 Order.[4]  Specifically, Michael claimed the Board incorrectly calculated his new parole violation maximum date by failing to credit his original sentence with all the confinement time to which he was entitled.  (Petition for Review, ¶ 6.)  On July 26, 2016, Counsel filed an Application for Enlargement of Time for Filing Brief, averring that upon subsequent review of the Certified Record, it became apparent that Michael's Petition for Review lacked merit.  (Application for Enlargement of Time, ¶ 3.)  As a result, Counsel requested additional time to file an application to withdraw.  (Id., ¶ 8; Order, July 27, 2016.)  Counsel subsequently filed the instant Application to Withdraw, along with his no merit letter,[5] on August 24, 2016.

---

[4] Our review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated."  Johnson v. Pa. Bd. of Prob. and Parole, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

[5] See note 1, *supra*.

This Court has held that in order to withdraw, "counsel . . . must provide a 'no-merit' letter[6] which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" Zerby v. Shanon, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting Commonwealth v. Turner, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully comply with the procedures outlined in Turner to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." Hont v. Pa. Bd. of Prob. and Parole, 680 A.2d 47, 48 (Pa. Cmwlth. 1996) (citations omitted). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of Turner, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." Reavis v. Pa. Bd. of Prob. and Parole, 909 A.2d 28, 33 (Pa. Cmwlth. 2006) (internal citations omitted). If these requirements are satisfied, this Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." Hont, 680 A.2d at 48 (citation omitted).

Before considering the merits of Michael's appeal, we must first determine whether Counsel's no-merit letter satisfies the technical requirements of Turner. We find it does. First, Counsel complied with the notice requirements by serving Michael with a copy of the Application to Withdraw, supporting brief, certified record, and a copy of this Court's August 25, 2016 Order, advising Michael that he

---

[6] A no-merit letter is also frequently referred to as a Turner letter, based upon the Pennsylvania Supreme Court's decision in Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988).

may either obtain substitute counsel or file a brief on his own behalf.[7] (Application to Withdraw, ¶¶ 4-5; Certificate of Service filed August 26, 2016). Next, the letter sets forth in detail the procedural and factual history of the case, thus, satisfying Counsel's obligation to thoroughly review the record. Zerby, 964 A.2d at 960. In addition, the letter contains discussion of relevant statutory and case law that supports Counsel's conclusion that Michael's lone claim[8] is without merit. (No-merit letter at 15-20.)

Having concluded that Counsel complied with Turner's technical requirements, we will now conduct an independent review of the merits of Michael's argument to determine whether to grant or deny Counsel's Application to Withdraw. Turner, 544 A.2d at 928. The Application to Withdraw will be granted only if we determine Michael's Petition for Review lacks any basis in either law or fact. Commonwealth v. Santiago, 978 A.2d 349, 356 (Pa. 2009) (citing McCoy v. Court of Appeals of Wisconsin, District 1, 486 U.S. 429, 438 n.10 (1988)).

In his Petition for Review, Michael raises one issue: whether the Board incorrectly calculated his new parole violation maximum date by failing to credit his original sentence with all the confinement time to which he was entitled.

---

[7] Michael has not obtained substitute counsel or filed a brief on his own behalf.

[8] In the no-merit letter, Counsel identified another potential issue during his review of the record – whether Michael was credited for 11 days he remained incarcerated after the Philadelphia County charges were withdrawn and the detainer was lifted. (No-merit letter at 19.) During that time, Michael was purportedly being held on an unrelated probation violation. (Id. at 20.) However, he was subsequently sentenced to two years' probation for that violation. (Id.) Since no jail time was ordered, Counsel asserted the 11 days were "dead time" which should be credited since Michael was not at liberty on parole. (Id.) However, as Counsel indicated, Michael has not raised this issue at any time for appellate review. (Id. at 19.) Therefore, it has not been preserved and is not properly before us.

(Petition for Review, ¶ 6.) In his pro se administrative appeal, Michael argued he was denied credit for the period of confinement between December 22, 2014 and June 1, 2015. (C.R. at 131.) The Board found this period of time was served on his new sentence, not the original one. (C.R. at 137.) We agree with the Board. Our Supreme Court has held that a new sentence for a new conviction cannot run concurrently with the time remaining on a CPV's original sentence. Commonwealth v. Dorian, 468 A.2d 1091, 1092 (Pa. 1983). Further, Section 6138 of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138, as amended, "specifies the order in which a parolee who is sentenced on new criminal charges and is recommitted to serve backtime on his original sentence must be served." Serrano v. Pa. Bd. of Prob. and Parole, 672 A.2d 425, 427-28 (Pa. Cmwlth. 1996) (discussing the 1941 parole act[9]).

Here, Michael pleaded guilty to retail theft and received a 6 to 23 month sentence. Because he did not make bail, the time he spent incarcerated between his arrest on December 22, 2014, and his sentencing on June 1, 2015, was applied towards his new sentence, allowing him to be immediately paroled based upon time served. Gaito, 412 A.2d at 571. He cannot count the time served on the new conviction towards both the new sentence *and* his original sentence. For these reasons, we discern no error in the Board's decision to not credit him with this time towards his original sentence.

---

[9] Act of August 6, 1941, P.L. 861, as amended, formerly 61 P.S. § 331.21a(a), repealed by Section 11(b) of the Act of August 11, 2009, P.L. 147, No. 33. A similar provision is found at Section 6138 of the Code.

Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's April 21, 2016 Order.

_____
**RENÉE COHN JUBELIRER,** Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Thomas Michael,  :
                    Petitioner  :
                              :
              v.              :    No. 727 C.D. 2016
                              :
Pennsylvania Board of Probation and  :
Parole,                      :
                    Respondent  :

# **O R D E R**

**NOW**, February 1, 2017, the Application for Leave to Withdraw as Counsel filed by David Crowley, Esquire, is hereby **GRANTED**, and the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge