388 A.2d 1090

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Peter ROSSETTI, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided July 12, 1978.

James T. Huber and Victor F. Cavacini, Assistant Public Defenders, Allentown, for appellant.

Thomas J. Calnan, Jr., First Assistant District Attorney, Allentown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a revocation of parole and subsequent imposition of a prison sentence. On appeal appellant, Peter Rossetti, challenges the sufficiency of evidence. Specifically, appellant contends that the revocation of his parole was error in that the only evidence of his complicity, during the course of his parole, in a conspiracy to and attempt to commit burglary was by way of wrongfully admitted hearsay testimony identifying him as a co-conspirator and participant in a thwarted breaking and entering of an apartment.

The record reveals that the events leading up to appellant's arrest for this attempted theft occurred as follows. Prior to appellant's arrest by a third officer, two police officers had observed two men at the rear of an apartment building for approximately five minutes from a distance of about 40 yards. While the first suspect was on a second floor balcony prying at a door lock, the second suspect was on the ground scanning the surrounding area, and at the same time observing the progress of the man on the balcony. When the first suspect jumped to the ground, the two police officers rapidly approached the building, and ordered the two men to stop. While the first suspect stood fast in compliance with the officers' order, the second quickly fled. At this point, one of the officers immediately radioed a description of the fleeing suspect to dispatch units in the vicinity. Within five minutes of the radio dispatch a third officer in the vicinity of the crime apprehended the appel-

lant and brought him back to the scene of the attempted burglary. Appellant, in terms of his height, weight, hairstyle and dress, perfectly matched the detailed description given of the second suspect who had previously fled the scene. Moreover, when appellant was returned to the scene of the crime, the officers noticed that appellant was sweating and his heart was beating very quickly indicating that appellant had been running. When interrogated by the police, the first suspect identified appellant as the lookout who had fled a few moments earlier.

At the *Gagnon II* hearing, one of the two arresting officers testified, over the objection of appellant's counsel, that the first suspect had positively identified appellant as the second suspect who had served as a lookout during the attempted crime. It is this hearsay identification which appellant now contends was wrongfully admitted by the hearing judge, and, without which, the revocation of his parole would not have been warranted in view of the remaining evidence adduced at the hearing.

It is appellant's position that in order to comport with the minimum standards of procedural due process, as set out by the United States Supreme Court in *Morrisey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the hearing judge, before admitting hearsay testimony, must make specific findings of good cause for not permitting the parolee to confront and cross-examine an out-of-court declarant whose statement is sought to be introduced as evidence. Since the hearing judge in the present case failed to make any such findings, appellant contends that such testimony cannot properly be considered in determining whether the evidence, in the aggregate, justifies the revocation of his parole.

Although a parole revocation hearing is not such a highly formal procedure that it must be conducted in strict accordance with the entire gamut of evidentiary and procedural rules employed in a criminal trial; *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973); *Commonwealth v. Lipton*, 238 Pa.Super. 124, 352 A.2d 521 (1975); *Commonwealth v. Clark*, 225 Pa.Super. 171, 310 A.2d 316 (1973), it must comply with certain "minimum" safeguards inherent

in due process. *Morrisey v. Brewer, supra.* As enumerated by the United States Supreme Court in *Morrisey,* these minimum safeguards do, in fact, include a qualified right of confronting and cross-examining adverse witnesses—the right being qualified by a judge's finding of good cause for not allowing confrontation. Hence in the instant case, by failing to make any such findings of good cause for abridging appellant's dual rights of confrontation and cross-examination, the hearing judge erred in admitting the hearsay testimony in question. *Commonwealth v. Davis,* 234 Pa.Super. 31, 336 A.2d 616 (1975); *Commonwealth v. Henderson,* 234 Pa.Super. 498, 340 A.2d 483 (1975). It therefore follows that the hearsay evidence admitted in the *Gagnon II* hearing by the lower court was error and cannot be considered in determining whether sufficient evidence exists to sustain the revocation of appellant's parole.

However, excluding consideration of the hearsay identification of appellant by his alleged co-conspirator, we find that the remaining evidence of record sufficient to support the hearing judge's decision to revoke appellant's parole. Thus under the facts of the present case, the lower court's improper admission of hearsay evidence constitutes harmless error. The quantum of proof necessary to establish grounds for parole revocation is significantly less than that required to sustain a criminal conviction. *United States v. D'Amato,* 429 F.2d 1284 (3rd Cir. 1970). In specific terms, a basis for revoking parole is established by evidence of probative value substantiating the parolee's violation of the terms of his parole. *Commonwealth v. Newman,* 225 Pa.Super. 327, 310 A.2d 380 (1973); *Commonwealth v. Clark,* supra.

In the present appeal, the evidence contained in the record is more than sufficient to satisfy the requisite standard of proof. Despite the absence of admissible direct evidence identifying appellant as a co-conspirator in the attempted burglary, there exists substantial evidence of probative value from which appellant's participation in the criminal activity can readily be inferred. Since identity can be proven by circumstantial evidence at a criminal trial,

*Commonwealth v. Hickman*, 453 Pa. 427, 309 A.2d 564 (1973), there is absolutely no doubt as to the propriety of relying on such circumstantial evidence in a parole revocation hearing.

■ It is readily inferable from the circumstantial evidence contained in the record and set out at the beginning of this opinion that the second suspect standing on the ground watching the first suspect attempt to break into the second story apartment was a co-conspirator, especially in view of the officer's observations of his conduct at the scene and the fact that he fled in disregard of the police officers' order to stop. In view of the circumstance that appellant was apprehended minutes later and matched the description given of the second suspect, it is also inferable that appellant was, in fact, that man. While it is problematical whether this circumstantial evidence would be sufficient to sustain a criminal conviction of appellant for attempted burglary, it is sufficient to meet the degree of proof necessary to substantiate appellant's violation of the terms of his parole.

We therefore affirm the decision of the hearing judge in revoking the parole and ordering appellant to serve the remainder of his prison term for theft.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.