408 A.2d 846

**COMMONWEALTH of Pennsylvania**

v.

**Barry HOLMES, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Aug. 3, 1979.

Arthur R. Shuman, Jr., Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

This is an appeal from an order revoking probation. On April 22, 1974, appellant pleaded guilty to charges of burglary and attempted theft. He was placed on three years probation. On May 4, 1976, his probation was revoked because of an intervening conviction, and he was placed on seven years probation on condition that he enroll in a program at Eagleville Hospital.[1] On June 7, 1977, appellant's probation was again revoked, and he was sentenced to one and one-half to three years in prison. This appeal followed.

1. Appellant's brief includes allegations of various procedural errors that occurred at this hearing. We do not consider them, because appellant did not appeal the order of May 4, 1976.

■ Appellant asserts that he was not given written notice of the probation revocation hearing. The Commonwealth contends that he was given proper notice; it concedes, however, that there is no evidence of this in the record.[2] At the revocation hearing, appellant did not raise the issue of notice. The case therefore precisely matches the consolidated appeals in *Commonwealth v. Spence*, 252 Pa.Super. 341, 381 A.2d 949 (1977). In those cases we remanded for an evidentiary hearing on the limited question of whether notice had been given, with instructions that if notice had not been given, a new revocation hearing was to be held, and if notice had been given, the order of revocation and consequent sentence were to be reinstated.[3] We shall so order here.

■ Second, appellant argues that his counsel at the revocation hearing was ineffective for failing to object to inadmissible hearsay, that is, to the probation officer's testimony that appellant had failed to complete the program at Eagleville Hospital. Our courts have held that probation revocation hearings are less formal than trials, and need not be conducted in strict accordance with the entire gamut of evidentiary and procedural rules employed in a criminal trial. *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973); *Commonwealth v. Rossetti*, 255 Pa.Super. 524, 388 A.2d 1090 (filed July 12, 1978). However, before hearsay testimony may be admitted, the hearing judge must make a finding that there is good cause for not allowing confrontation. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Commonwealth v. Rossetti, supra; Com-*

2. The lower court's opinion says that "all these due process requirements [notice, disclosure of evidence, opportunity to be heard, etc.; *see Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)] were upheld by this Court." Slip op. at 4. However, we cannot accept this statement as dispositive since the lower court heard no testimony of record on the subject of proper notice, and did not elaborate on how it learned that all due process requirements had been satisfied.

3. The author of this opinion dissented.

*monwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975). Here, the lower court did not make such a finding. We should therefore hold that counsel was ineffective in failing to object to the testimony, and should remand for a new hearing or a hearing to determine if counsel had any reasonable basis for not objecting, *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975), except for the fact that counsel's omission here clearly did not result in appellant's being incarcerated where he otherwise would have gone free. *See, Commonwealth v. Rossetti, supra*. In addition to failing to complete the program at Eagleville Hospital, appellant had just pleaded guilty to a burglary.[4] The lower court relied on both violations in revoking probation. Our inquiry is therefore whether the court would have abused its discretion if it had relied only on the fact that appellant had committed a burglary, and not on the inadmissible hearsay that he had failed to complete the program at Eagleville Hospital. *See Commonwealth v. Riley*, 253 Pa.Super. 260, 267, 384 A.2d 1333, 1337 (1978). Such reliance would clearly not have been an abuse of discretion; given evidence of appellant's admission of having committed a burglary, the lower court had ample basis for finding that probation was no longer an effective vehicle to accomplish appellant's rehabilitation. *Commonwealth v. Kates, supra*.

Reversed and remanded for an evidentiary hearing consistent with this opinion.[5]

PRICE, J., concurs in the result.

[4] Appellant has not raised any question about counsel's failure to object to the probation officer's testimony about this guilty plea.

[5] We note with disapproval appellant's failure to reply to the lower court's request that he specify in what way his counsel was allegedly ineffective. *See* Pa.R.App.P. 1925(b).