J-S43011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FLOYD WYNN, | |
| Appellant | No. 1805 EDA 2014 |

Appeal from the Judgment of Sentence of May 30, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000672-2012

BEFORE:  GANTMAN, P.J., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 15, 2015**

Appellant, Floyd Winn, appeals *pro se* from the judgment of sentence entered on May 30, 2014, following his revocation of probation.  Upon review, we affirm.

On direct appeal, we summarized the facts of this case as follows:

> Appellant and the victim were married and living together in New Mexico.  In December 2011, the victim ended the relationship after Appellant took money from the victim's bank account to gamble.  The victim's employer transferred her to Delaware County, Pennsylvania.  Before leaving New Mexico, the victim obtained a Protection from Abuse (PFA) order prohibiting Appellant from any contact with her.  Appellant continued calling and texting the victim, attempted to contact her on Facebook, confronted her while she was cleaning out her house in New Mexico and took her car keys.  Police eventually intervened.  In January 2012, the victim drove cross-country and checked into a hotel in Concordville, Pennsylvania.  She received a message from Appellant asking her to send him money, because he was in Virginia with a flat tire.  Believing Appellant was following

her, the victim directed hotel staff to deny that she was staying there. Subsequently, Appellant called the hotel, asked if the victim were staying there, came to the hotel despite being told no, and then waited for the victim near her car in the hotel parking lot. When Appellant confronted the victim, she ran back into the hotel and called the police. Police arrested Appellant on January 11, 2012.

On October 24, 2012, the trial court held a bench trial wherein it convicted Appellant of [stalking and harassment. 18 Pa.C.S.A. §§ 2709.1 and 2709, respectively]. On December 19, 2012, the trial court sentenced Appellant to one to two years of incarceration, followed by three years of probation. [This Court affirmed Appellant's judgment of sentence on October 11, 2013.]

*Commonwealth v. Wynn*, 232 EDA 2013 (Pa. Super. 2013) (unpublished memorandum) at 1-2.

On January 13, 2014, Appellant completed the terms of his incarceration and was released on probation. Upon his release, Appellant was required to, *inter alia*: (1) report to the probation department; (2) give the probation department a valid address, and; (3) have no contact with the victim, either directly or indirectly. Appellant did not report to the probation department, as required, and purportedly reported a false address. The trial court entered a bench warrant for Appellant's arrest on January 23, 2014. On January 28, 2014, police arrested Appellant in Allegheny County and the Commonwealth charged him with resisting arrest. On February 20, 2014, the Commonwealth withdrew the resisting arrest charge and Appellant entered a guilty plea to disorderly conduct in Allegheny County. Appellant was extradited to Delaware County. On April 22, 2014, the trial court held a video hearing pursuant to *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)

(***Gagnon I*** hearing) to determine if there were probable cause to hold a revocation of probation hearing.  The trial court determined that Appellant's guilty plea to disorderly conduct was *prima facie* evidence of a probation violation.  On May 21, 2014, Appellant filed a writ of *habeas corpus* arguing that the trial court denied him due process and his detention was illegal because the court failed to hold a ***Gagnon I*** hearing.   On May 28, 2014, the trial court held a second hearing regarding revocation of probation pursuant to ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973) (***Gagnon II*** hearing).  Therein, the trial court heard Appellant's objections and rescheduled the ***Gagnon II*** hearing for May 30, 2014.

On May 30, 2014, the trial court reconvened a ***Gagnon II*** hearing wherein the Commonwealth presented evidence that Appellant absconded from supervision and sent e-mails to the victim directly and through third parties.  The trial court found Appellant was in direct violation of the terms of his probation and sentenced him to one to three years of incarceration.  This timely appeal resulted.

On appeal, Appellant presents, *pro se*, the following issues for our consideration:

> A. Whether the Commonwealth and/or the Court of Common Pleas of Delaware County illegally [e]xtradite[d] Appellant in not abiding to [the] Uniform Extradition Act (42 Pa.C.S. §§ 9161-9165) as a matter of law?

B. Whether the Commonwealth and/or the Court of Common Pleas of Delaware County err[ed] by not applying Pa.R.C[rim].P. 708(A) as a matter of law?

C. Whether the Commonwealth and/or the Court of Common Pleas of Delaware County [denied Appellant his right to due process of law by failing to conduct a probable cause or *Gagnon I* hearing]?

D. Whether the Commonwealth and/or the Court of Common Pleas of Delaware County err[ed] by placing Appellant on special [s]tate supervised probation?

E. Whether the Commonwealth and/or the Court of Common Pleas of Delaware County had the right to violate Appellant's probation without acquainting [him] with terms and conditions of probation as a matter of law?

F. Whether the Commonwealth and/or the Court of Common Pleas of Delaware County satisfied minimal due process require[ments set] by the U.S. Supreme Court [] in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 484 (1972) [with respect to Appellant's] revocation [or] "*Gagnon II*" [hearing]?

G. Whether the Commonwealth and/or the Court of Common Pleas of Delaware County err[ed] in failing to give [] Appellant proper timely notice and [a] prompt *Gagnon II* hearing as a matter of law?

H. Whether the Commonwealth and/or the Court of Common Pleas of Delaware County err[ed] by not stating on the record the reasons for [the] sentence imposed as a matter of law?

I. Whether the Court of Common Pleas of Delaware County abuse[d] [its] discretion in [imposing Appellant's revocation sentence]?

Appellant's Brief at 4-5.

- 4 -

Initially, we note that Appellant's issues C, H and I are meritless. At issue C, in his appellate brief, Appellant claims that the trial court did not conduct a ***Gagnon I*** hearing. "When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a *pre-revocation* hearing, a ***Gagnon I*** hearing, that probable cause exists to believe that a violation has been committed." ***Commonwealth v. Ferguson***, 761 A.2d 613, 617 (Pa. Super. 2000) (citation omitted; emphasis in original). However, in his *habeas* petition, Appellant admits he attended a ***Gagnon I*** hearing by video conference on April 22, 2014. Moreover, he concedes the point in his appellate brief. Appellant's Brief at 15. Hence, Appellant has conceded the issue and there is nothing to review on appeal.

Regarding issues H and I, Appellant challenges the discretionary aspects of his revocation sentence. "[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion." ***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008)(citation omitted). Here, Appellant did not object to his sentence at the revocation hearing or file a post-sentence motion thereafter. Hence, his discretionary aspect of sentencing claims are waived.

Our standard of review, with regard to Appellant's remaining contentions, is well-settled:

> When we consider an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. McNeal*, 2015 PA Super 150, at *6 (internal citations, quotations and brackets omitted).

We reviewed the certified record, the parties' briefs, the relevant law, and the trial court's opinion filed on August 5, 2014. The trial court first noted that a probation officer read the terms of probation to Appellant before his release from prison and that he refused to sign an acknowledgment of this occurrence. Trial Court Opinion, 8/5/2014, at 4. Similarly, Appellant was advised orally of the alleged violations of his probation, but again he refused to sign an acknowledgment that he received notice. *Id.* at 5. The trial court determined that Appellant's due process rights were not violated and that the court properly complied with the procedures mandated by *Gagnon*. *Id.* More specifically, a video conference, or *Gagnon I* hearing, held on April 22, 2014 established that Appellant's conviction for disorderly conduct was *prima facie* evidence of a violation of probation. *Id.* On May 30, 2014, the trial court held a *Gagnon II* hearing wherein Appellant was permitted to cross-examine his probation officer and the victim. *Id.* at 6. Finally, the trial court noted that the

original sentence of special probation, supervised by the Board of Probation and Parole, was proper under 61 Pa.C.S.A. § 6133.[1] *Id.* at 7. Based upon all of the foregoing, we conclude there has been no error of law or abuse of discretion in this case and that the trial court's August 5, 2014 opinion meticulously, thoroughly, and accurately disposes of Appellant's issues on appeal. Therefore, we affirm on the basis of the trial court's opinion and adopt it as our own. Because we have adopted the trial court's opinion, we direct the parties to include the trial court's opinion in all future filings relating to our examination of the merits of this appeal, as expressed herein.

Finally, on June 11, 2015, Appellant filed a petition to strike the Commonwealth's appellate brief as untimely filed. Upon review of the docket, after two permitted extensions, the Commonwealth filed its brief two days late. Although the Commonwealth did not strictly comply with the Rules of Appellate Procedure, we deny Appellant's request to strike the

_____

[1] Appellant claims that the trial court initially imposed an illegal sentence of probation on the original stalking and harassment convictions. More specifically, Appellant argues that imposition of a three-year term of probation on harassment was illegal because the two charges merged for sentencing purposes. Appellant's Brief at 49. The trial court created the confusion by suggesting such in its opinion. *See* Trial Court Opinion, 8/5/2014, at 1 ("[This c]ourt sentenced [Appellant] to 12 to 24 months['] imprisonment in a state correctional facility on the [s]talking charge and 3 years['] consecutive special probation on the [h]arassment."). However, upon review of the certified record, and the original sentencing order, the trial court imposed the aforementioned probationary sentence on only the stalking offense, noting that harassment merged with the stalking charge.

Commonwealth's brief, as our review was not substantially hindered by the error. **See C.L. v. Z.M.F.H.**, 18 A.3d 1175, 1182 (Pa. Super. 2011).

Judgment of sentence affirmed. Appellant's petition to strike the Commonwealth's brief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2015

IN THE COURT OF COMMON PLEAS DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      :
     :
     VS.      : NO. CP-23-CR- 000672-2012
     :
FLOYD WYNN      :

Daniel Woody, Esquire, A. Sheldon Kovach, Esquire, Attorneys for the Commonwealth
Floyd Wynn, *Pro Se*

## OPINION

Brennan, J.                                  August 4, 2014

After a bench trial held on October 24, 2012 Defendant was found guilty of Stalking[1] and Harassment.[2] The Court sentenced Defendant to 12 to 24 months imprisonment in a state correctional facility on the Stalking charge and 3 years, consecutive special state probation on the Harassment charge. That judgment of sentence was affirmed on direct appeal by the Superior Court at docket number 232 EDA 2013. The Defendant maxed out his jail time and was released on probation on January 13, 2014. Upon his release, the Defendant gave a bad address to his probation officer and was given written instructions to report in person to the Parole Office in Norristown, Pennsylvania on January 15, 2014. The Defendant did not report as instructed and a Bench Warrant for his arrest was issued by this Court on

---

[1] 18 Pa.C.S.A. § 2709.1 (a)(2).

[2] 18 Pa.C.S.A. § 2709 (a)(7).

1

January 23, 2014. On January 28, 2014 the Defendant was arrested in West Mifflin Township, Allegheny County, Pennsylvania. On May 30, 2014 after a Gagnon II hearing, the Court found the Defendant guilty of violating the terms of his probation and sentenced him to one to three years in a state correctional facility. The Defendant filed a timely appeal. In his rambling 1925(b) statement the Defendant alleges numerous procedural defects which he asserts entitles him to have his sentence vacated. Defendant's contentions lack merit.

At a revocation hearing for either probation or parole, the Commonwealth need only prove by a preponderance of the evidence that the defendant committed a violation of his probation or parole. *Commonwealth v. Shimonvich*, 858 A.2d 132 (Pa. Super. 2004); *Commonwealth v. Scott*, 850 A.2d 762 (Pa. Super. 2004); *Commonwealth v. Griggs*, 314 Pa. Super. 407, 461 A.2d 221 (1983). Technical violations are sufficient grounds for revocation. *Id.* The decision to revoke probation or parole is a matter within the sound discretion of the trial court, and the court's decision will not be disturbed on appeal absent an error of law or an abuse of discretion. *Commonwealth v. MacGregor*, 912 A.2d 315 (Pa. 2006). Finally, the "scope of review on appeal from the judgment of sentence imposed following a probation revocation [is] 'limited to the validity of the revocation proceedings and the legality of the final judgment of sentence." *Commonwealth v. Williams*, 662

2

A.2d 658 (1995) at 659, citing *Commonwealth v. Beasley*, 570 A.2d 1336 (1990).

At Defendant's Gagnon II violation hearing, the following was established. The Defendant gave a bad address and did not report to his state probation officer as scheduled upon his release from prison. The Defendant left the Chester District without the written permission of the state probation supervision staff. The Chester District is comprised of Delaware, Chester, and Montgomery Counties. The Defendant was arrested in West Mifflin Township, Allegheny County on January 28, 2014. N.T. 5/30/2014 p.5, 6. The Defendant was given written instructions to have no contact with his ex-wife, the victim in his stalking and harassment convictions. Between January 15, 2014 and the date of his arrest the Defendant contacted the victim directly by email or through third parties. N.T. 5/30/2014 p.28, 29, 30. The communications contained veiled threats against the victim. N.T. 5/30/2014 p.6, 19, 28, 29, 30. One communication that was sent to the victim through a third party stated "please forgive me what I'm about to do" ... "read about it I am going out with the headline this time." N.T. 5/30/2014 p.28, 29. See also copies of the emails included in Commonwealth's Exhibit G-1 admitted into evidence at the Gagnon II hearing. These emails put the victim in fear of her life and forced her to go back on anxiety medication. N.T. 5/30/2014 p.34. The Defendant was also instructed to comply with all municipal, county, state, and

3

federal criminal laws. As stated above the Defendant was arrested by the West Mifflin Township Police and charged with resisting arrest. At his preliminary hearing on February 20, 2014 the charge of resisting arrest was withdrawn and the Defendant entered a guilty plea to the summary offense of disorderly conduct. The Defendant was sentenced to time served between 01/28/2014 and 02/20/2014. N.T. 5/30/2014 p.7.

It is obvious from this evidence Defendant was in clear violation of the terms of his probation. See *Zimmerman v. PA Board Probation & Parole*, 476 A.2d 1016 (Pa. Cmwlth. 1984) (parole properly revoked where parolee left his approved district without permission). The only evidence that is needed, as shown by Defendant's conduct here, is a willful or flagrant disrespect for the terms and conditions of his release on probation. *Commonwealth v. Ballard*, 814 A.2d 1242 (Pa. Super. 2003). Defendant's argument that he is not in violation of his probation is meritless.

The Defendant next alleges a host of procedural deficiencies none of which are supported by the record. The conditions of Defendant's special probation were read to him in front of a witness. The Defendant refused to sign an acknowledgement. N.T. 5/30/2014 p.12. On April 4, 2014 Defendant's probation officer visited him in Delaware County Prison and hand delivered a written "Notice

4

of Charges and Hearing" that fully detailed Defendants alleged violations. This document also specified the supporting evidence. The document was read to the Defendant by his Probation Officer. Again the Defendant refused to sign an acknowledgement he received the document. Both the Notice of the Terms and Conditions of Special Probation and the Notice of alleged Violations are contained in Commonwealth's Exhibit G-1 which is part of the record in this case. Defendant's contention that he was not timely informed of the terms of his probation or the alleged violations is meritless.

Defendant also claims he never received a Gagnon I hearing. This claim is also untrue.[3] Defendant attended a Gagnon I hearing by video conference on April 22, 2014. The hearing officer found Defendant's new arrest and conviction *prima facie* evidence of a violation and recommended a Gagnon II hearing be scheduled.

Pennsylvania's appellate courts have repeatedly stated that both Gagnon I and Gagnon II hearings "are less formal than trials, and need not be conducted in strict accordance with the entire gamut of evidentiary and procedural rules employed in a criminal trial." *Commonwealth v. Holmes*, 408 A.2d 846, 848 (Pa. Super. 1979) (citing *Commonwealth v. Kates*, 305 A.2d 701 (Pa. 1973) and *Commonwealth v. Rossetti*, 388 A.2d 1090 (Pa. Super. 1978)). The Gagnon I

---

[3] In paragraph 26 of Defendants pro se Petition for Writ of Habeas Corpus filed on May 21, 2014

5

hearing serves to establish whether probable cause exists to believe that the probationer has committed a violation of his or her probation. *Commonwealth v. Allhouse*, 969 A.2d 1236, 1240 (Pa. Super. 2009); see also *Commonwealth v. Sims*, 770 A.2d 346, 352 (Pa. Super. 2001) (The purpose of a Gagnon I is to establish whether prima facie evidence exists that a probationer has committed a violation of his or her probation.). Furthermore "[t]he conditional right to confront adverse witnesses, afforded in a Gagnon I hearing is not the same as the right to confront adverse witnesses afforded in a Gagnon II hearing. In [a Gagnon I hearing], the hearing officer need not specifically find good cause for not allowing confrontation. *Commonwealth v. Kavanaugh*, 482 A.2d 1128, 1130. In this case there was no need to allow the Defendant to confront witnesses at his Gagnon I hearing because the hearing officer found Defendant's new conviction *prima facie* evidence of a violation. Therefore, Defendant received the minimum due process to which he was entitled at his Gagnon I probation revocation hearing and his claim otherwise is baseless.

At the Gagnon II hearing the Defendant was permitted to cross examine, to his satisfaction, both his probation officer and the victim. Contrary to his assertion, the Defendant was accorded every procedural right he was due at both his Gagnon I

---

the Defendant admits he attended a Gagnon I hearing on April 22, 2014.

6

and II hearings.

Next, the Defendant challenges the fact he was placed on special probation supervised by the State Board of Probation and Parole. The Board has the authority under Section 6133 of the Prisons and Parole Code, 61 Pa.C.S. § 6133, "to supervise any person placed on probation by any judge of a court having criminal jurisdiction, when the court by special order directs supervision by the board." When a defendant violates the conditions of special probation, the Board may detain the special probationer in a county prison and make a recommendation to the court concerning the revocation of the defendant's probation, but the trial court retains the power, authority, and jurisdiction to revoke special probation and sentence the defendant, regardless of the Board's supervisory powers.

In *Commonwealth v. Mitchell*, 955 A.2d 433 (Pa.Super.2008),[4] petition for allowance of appeal denied, 964 A.2d 894 (Pa.2009), the Pennsylvania Superior Court reiterated that the sentencing court retains the authority to determine whether someone on probation violated his probation, to revoke probation, and to resentence following revocation of probation even though the Board supervises the individual on special probation.

---

[4] 61 Pa.C.S. § 6133 replaced 61 P.S. § 331.17a (repealed), effective October 13, 2009. See, e.g., *Com. v. Kelly*, 2007 PA Super 234, 931 A.2d 694 (2007), appeal denied, 596 Pa. 727, 945 A.2d 168 (2008); *Kelly* was followed in *Mitchell*.

7

Lastly, the Defendant challenges the discretionary aspects of this Court's sentence by claiming he should not have been sentenced to total confinement for "technical violations." When challenging the discretionary aspects of sentencing, a defendant is not entitled to a review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). To reach the merits of a discretionary sentencing issue, the defendant must demonstrate that a substantial question exists that the sentence is inappropriate. *Id.* A substantial question will not be found unless the defendant sets forth a "colorable argument" that the sentence imposed is either inconsistent with a specific Sentencing Code provision or is contrary to the fundamental norms which underlie the sentencing process. *Id.* at 913. As a matter of law, not every issue concerning the discretionary aspects of sentencing raises a substantial question. *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). A determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Id.*

In this case the Defendant was convicted of another crime. Section 9771(c)[5] states: "The court shall not impose a sentence of total confinement upon revocation [of probation] unless it finds that: (1) the defendant has been convicted of another crime; (2) the conduct of the defendant indicates that it is likely that he will commit

---

[5] 42 Pa.C.S. § 9771 (c).

8

another crime if he is not imprisoned..." Since Defendant was convicted of another crime a sentence of total confinement was appropriate. More importantly the Court found it quite disturbing, and commented on the record,[6] that immediately upon release from prison the Defendant was attempting to contact and harass the victim. Given the Defendant's conduct, the Court believed that only a sentence of imprisonment would deter the Defendant from committing another crime against the victim.

For the foregoing reasons, judgment of sentence should be affirmed on appeal.

BY THE COURT:

MARY ALICE BRENNAN, J.

---

[6] N.T. 5/30/2014 p.16

9