J. S31038/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                       :            PENNSYLVANIA
                v.               :
                                         :
JOSEPH WILLIAM LORD,          :          No. 1866 WDA 2016
                                         :
               Appellant      : 


Appeal from the Judgment of Sentence, November 8, 2016,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0001726-2016


BEFORE: PANELLA, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JUNE 14, 2017**

    Joseph William Lord appeals from the judgment of sentence of

November 8, 2016, following revocation of his probation. We affirm.

    The trial court has summarized the history of this case as follows:

> Appellant was charged with Simple Assault
> (18 Pa.C.S.[A.] § 2701(a)(1), (M2)); Harassment-
> Subjecting Another to Physical Contact
> (18 Pa.C.S.[A.] § 2709(a)(1), (S)); and Disorderly
> Conduct-Hazardous/Physically Offensive Condition
> (18 Pa.C.S.[A.] § 5503(a)(4), (M3)) for events
> occurring on April 7th, 2016. At his Preliminary
> Hearing on April 19th, 2016, Appellant, ***pro se***,
> entered a Guilty Plea before Magisterial District
> Judge Susan D. Strohmeyer to Count One:
> Disorderly Conduct-Hazardous/Physically Offensive
> Condition (M3), with all other counts being
> withdrawn by the Commonwealth. MDJ Strohmeyer
> imposed a sentence of nine (9) months of probation
> through the Erie County Office of Adult Probation and
> Parole.

> Thereafter, the Erie County Office of Adult Probation alleged Appellant violated the terms of his probation, and a Probation Revocation hearing was scheduled for November 8th, 2016. At said Probation Revocation hearing, Assistant District Attorney Michael E. Burns appeared on behalf of the Commonwealth, and Appellant appeared and was represented by his counsel, Laurie A. Mikielski, Esq. Also at the Probation Revocation hearing, Appellant admitted violating Conditions Seven, Eleven, Twelve and a Special Condition of his probation. Following Appellant's admissions, this Trial Court accepted Appellant's admissions and revoked Appellant's probationary sentence at Count One on the instant criminal docket.

Trial court opinion, 1/17/17 at 1-2 (citations to the transcript omitted).

On November 8, 2016, appellant was resentenced to 76 days to 1 year of incarceration in the Erie County Prison, with credit for time already served of 76 days. The sentence was made consecutive to any other sentence appellant was currently serving. Appellant was to comply with probationary conditions, including drug, alcohol and mental health evaluations and refrain from using alcohol. On November 18, 2016, the trial court granted appellant permission to transfer to the Erie County Community Corrections Center for purposes of work release. On December 7, 2016, appellant was ordered to be paroled. Also on December 7, 2016, a timely notice of appeal was filed, together with a statement of intent to file an **Anders** brief.[1] The trial court filed a Pa.R.A.P. 1925(a) opinion on January 17, 2017.

---

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

In her **Anders** brief, appointed counsel, Jessica A. Fiscus, Esq., reviewed the following issue before concluding that the instant appeal was wholly frivolous: "Did the Commonwealth present sufficient evidence to demonstrate that Appellant committed violations of his probation?" (**Anders** brief at 7.)

Counsel having filed a petition to withdraw, we reiterate that "[w]hen presented with an **Anders** brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010), citing **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (**en banc**) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:
>
> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, quoting ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Upon review, we find that Attorney Fiscus has complied with all of the above requirements. In addition, Attorney Fiscus served appellant a copy of the ***Anders*** brief and advised him of his right to proceed ***pro se*** or hire a private attorney to raise any additional points he deemed worthy of this court's review. (***See*** application to withdraw as counsel, 3/1/17, Exhibit A.) Appellant has not responded to counsel's motion to withdraw. As we find the requirements of ***Anders*** and ***Santiago*** are met, we will proceed to the issue on appeal.

> The procedures for revoking probation and the rights afforded to a probationer during revocation proceedings are well settled:
>
>> [w]hen a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a ***Gagnon I*** hearing, that probable cause exists to believe that a violation has been committed. ***Commonwealth v. Ferguson***, 761 A.2d 613 (Pa.Super. 2000) (citing ***Commonwealth v. Holmes***, 248 Pa.Super. 552, 375 A.2d 379, 381 (1977)). Where a finding of probable cause is made, a second, more comprehensive hearing, a ***Gagnon II*** hearing, is required before a final revocation decision can be made. ***Commonwealth v. DeLuca***, 275 Pa.Super. 176, 418 A.2d 669, 672 (1980).
>>
>> The ***Gagnon II*** hearing entails two decisions: first, a "consideration of whether the facts determined warrant

> revocation." ***Morrissey v. Brewer***, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). "The first step in a ***Gagnon II*** revocation decision . . . involves a wholly retrospective factual question: whether the parolee [or probationer] has in fact acted in violation of one or more conditions of his parole [or probation]." ***Gagnon v. Scarpelli***, 411 U.S. 778, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973) (citing ***Morrissey***, ***supra***, 408 U.S. at 484, 92 S.Ct. 2593, 33 L.Ed.2d 484). It is this fact that must be demonstrated by evidence containing "probative value." ***Commonwealth v. Kates***, 452 Pa. 102, 305 A.2d 701 (1973). "Only if it is determined that the parolee [or probationer] did violate the conditions does the second question arise: should the parolee [or probationer] be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?" ***Gagnon v. Scarpelli***, ***supra***, 411 U.S. at 784, 93 S.Ct. 1756, 36 L.Ed.2d 656, (citing ***Morrissey v. Brewer***, ***supra***, 408 U.S. at 484, 92 S.Ct. 2593, 33 L.Ed.2d 484).

***Commonwealth v. Allshouse***, 969 A.2d 1236, 1240 (Pa.Super. 2009), quoting ***Commonwealth v. Sims***, 770 A.2d 346, 349 (Pa.Super. 2001) (brackets in original).

> Further, we note that there is a lesser burden of proof in a ***Gagnon II*** hearing than in a criminal trial because the focus of a violation hearing is "whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct." [***Sims***, 770 A.2d] at 350 (internal citation omitted). Thus, the Commonwealth need only prove a violation of

> probation by a preponderance of the evidence. ***Id.***
> Lastly, hearsay is not admissible at a ***Gagnon II***
> hearing absent a finding of good cause for not
> allowing confrontation. ***Commonwealth v.***
> ***Kavanaugh***, 334 Pa.Super. 151, 482 A.2d 1128,
> 1130-31 (1984).

***Allshouse***, 969 A.2d at 1241.

Instantly, appellant admitted to violating several conditions of his probation, including smoking marijuana, consuming alcohol, failing to meet with his probation officer, and failing to follow through with mental health treatment. (Notes of testimony, 11/8/16 at 9-10.) Appellant failed to report to probation on May 12, May 20, June 28, and August 29 of 2016. (***Id.*** at 10.) Appellant also signed a "violation admission statement" dated October 7, 2016, in which he admitted violating conditions 7, 11, and 12 of his probation, as well as a special condition (no alcohol use). (Trial court opinion, 1/17/17, Exhibit B; docket #12.)

At the revocation hearing, appellant conceded that, "I guess I shouldn't have messed that up." (Notes of testimony, 11/8/16 at 14.) Appellant testified that, "I wish I could take it all back. I was almost off of probation." (***Id.***) Appellant complained that the Stairways program was not helping him. (***Id.***) However, as the trial court observed, "[T]he Court ordered you into Stairways. You don't get to decide that you don't like a program or not. You have to go." (***Id.*** at 15.) Appellant also claimed that he missed appointments because he lived outside of town and it was hard to find a dependable ride. (***Id.***) However, his probation officer, Angela Brooks,

testified that appellant lives on a bus line and the probation office provides bus passes.  (*Id.* at 17.)  Clearly, the Commonwealth established by a preponderance of the evidence that appellant was in violation of the terms and conditions of his probation and that revocation was appropriate.

For the reasons discussed above, we determine that appellant's issue on appeal is wholly frivolous and without merit.  Furthermore, after our own independent review of the record, we are unable to discern any additional issues of arguable merit.  Therefore, we will grant Attorney Fiscus's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/14/2017

- 7 -