J-S71034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DESMOND GODSON, | |
| Appellant | No. 1589 EDA 2016 |

Appeal from the Judgment of Sentence May 19, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0011013-2010

BEFORE: PANELLA, J., STABILE, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.: **FILED JANUARY 19, 2018**

Appellant, Desmond Godson,[1] appeals from the order of restitution imposed at his violation of probation hearing, as based on inadmissible hearsay evidence. The revocation court agrees, and asks this Court to vacate the order of restitution. The Commonwealth is not opposed. Accordingly, we vacate the order of restitution and remand for further proceedings.

In the underlying case, Appellant entered a guilty plea to aggravated harassment by prisoner, and received a sentence of not less than six nor more

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's surname is alternately spelled "Godson" and "Godsen" in the record before us. We have amended the caption to use the predominant spelling, "Godson."

than twenty-three months' incarceration, followed by two years of probation, including requirements for mental health treatment. This Court affirmed.[2]

Appellant failed to comply with various requirements of probation, including the failure to complete several programs of mental health treatment. Subsequently, in the course of a violation of probation hearing, the revocation court heard testimony from the director of a mental health treatment facility, Robert Beck, that his staff had informed him that Appellant broke several windows, apparently in an effort to escape.[3] The court found a violation of probation, for numerous reasons, re-sentenced Appellant, and, based on Mr. Beck's testimony, also imposed a condition of restitution on Appellant for the broken windows. This timely appeal followed.[4]

---

[2] For a more detailed history of the case, **see Commonwealth v. Godson**, 145 A.3d 790 (Pa. Super. filed April 25, 2016) (unpublished memorandum).

[3] The transcript of the revocation of probation hearing is not included in the electronic record presented to us for review. We could find Appellant's issue waived on this basis. However, several related docket entries confirm that the hearing took place on the date specified, (May 19, 2016), and the court imposed sentence. Additionally, there is no dispute about the fact of the hearing. Rather, both parties and the presiding judge agree on the facts at issue. (**See** Appellant's Brief, at 7; Commonwealth's Brief, at 2-4). The judge and the parties also agree on the recommended disposition. (**See** Trial Court Opinion, 1/13/17, at 4; Commonwealth's Brief, at 5). Accordingly, in the interest of judicial economy, we will accept the statement of facts as presented by the presiding judge, and agreed to by the parties, and decide the appeal on the legal merits.

[4] Both Appellant and the trial court complied with the requirements of Pennsylvania Rule of Appellate Procedure 1925. However, counsel for

Appellant presents one question for our review:

[Whether] the trial court committed error at the [violation of probation] hearing when it ordered the Appellant to pay restitution when: (A) said restitution was ordered to be paid to an individual who was not a complaining witness in the underlying case; [and] (B) said restitution was based entirely upon hearsay evidence[?]

(Appellant's Brief, at 6) (unnecessary capitalization omitted).

"We review a sentence imposed following a revocation of probation for an error of law or an abuse of discretion." **Commonwealth v. Flowers**, 149 A.3d 867, 873 (Pa. Super. 2016) (citation omitted). "[H]earsay is not admissible at a [revocation] hearing absent a finding of good cause for not allowing confrontation." **Commonwealth v. Allshouse**, 969 A.2d 1236, 1241 (Pa. Super. 2009) (citing **Commonwealth v. Kavanaugh**, 482 A.2d 1128, 1130–31 (Pa. Super. 1984)); **see also Gagnon v. Scarpelli**, 411 U.S. 778 (1973). Here, the trial court expressly notes that it made no finding as to good cause. (**See** Trial Ct. Op., at 4). On independent review, we conclude that the revocation court improperly accepted the hearsay testimony of Mr. Beck about the breakage of the windows and the amount of the resulting damages. Accordingly, remand is required.

Judgment of sentence vacated. Case remanded for new proceedings consistent with this decision. Jurisdiction relinquished.

_____

Appellant failed to comply with Pa.R.A.P. 2111(d) (requiring counsel to append statement of errors to Appellant's brief).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 1/19/2018*