J. S83007/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
JORDAN SCOTT ASTROVE, : No. 1981 WDA 2015
:
Appellant :


Appeal from the Judgment of Sentence, November 6, 2015,
in the Court of Common Pleas of Venango County
Criminal Division at No. CP-61-CR-0000288-2013


BEFORE: FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 21, 2016**

Jordan Scott Astrove appeals from the judgment of sentence of

November 6, 2015, following revocation of his probation. We affirm.

The trial court has summarized the history of this case as follows:

> [Appellant] was arrested in June 2013
> following a child pornography investigation.
> Seventeen videos were downloaded by a computer
> later to be determined to belong to [appellant]. The
> download was traced to [the] internet provider of a
> neighbor, though after investigation, it was
> determined they were not in possession of the
> computer used to download the child pornography.
> It was later determined that [appellant], along with
> two others, used the internet connection, and
> [appellant] used that connection to download child
> pornography.
>
> [Appellant] was arraigned on June 14, 2013.
> [Appellant] accepted a guilty plea on November 14th,

---

* Retired Senior Judge assigned to the Superior Court.

2013, in which he pled guilty to four counts of Sexual Abuse of Children, Dissemination less than 13 years, five counts of Sexual Abuse of Children, Possession of Child Pornography, one count of Criminal Use of a Communication Facility, and one count of Theft of Services.[1] Per this guilty plea, [appellant] was required to undergo a SORNA[2] assessment. [Appellant] was sentenced [on] March 25, 2014, to eleven and one half (11½) months to twenty four (24) months less one day, with a seven (7) year probationary tail.

According to the Notice of Charges and Hearing filed March 20, 2015, on March 13, 2015, [appellant] met as required with probation officers. When asked about possession of an internet-capable cell phone, [appellant] initially denied owning the item. However, [appellant] did admit to ownership of the cell phone. The probation officer then proceeded to search [appellant]'s vehicle, found the cell phone and a tablet, both of which contained images and videos of adult and child pornography. Additionally, there were stuffed animals and "excessive" amounts of chocolate. [Appellant] admitted to the probation officer that more pornographic materials were present in [appellant]'s residence, which later search corroborated.

Petition to Revoke Probation/Parole was filed in Venango County [on] July 28, 2015. [Appellant] waived his right to a Gagnon I hearing and proceeded to a Gagnon II hearing, held August 20, 2015.[3] Probation was revoked following this hearing. On November 6th, 2015, the court resentenced [appellant] to an aggregate of

---

[1] 18 Pa.C.S.A. §§ 6312(c)(1), 6312(d)(1), 7512(a), & 3926(a)(1), respectively.

[2] Sexual Offender Registration and Notification Act, codified at 42 Pa.C.S.A. §§ 9799.10-9799.41.

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

> seventeen and one half (17½) to thirty five (35) years in prison on the revocation.[4]

Trial court opinion, 3/1/16 at 1-2.

> [Appellant] filed a Motion for Modification of Sentence [on] November 16, 2015, which was denied by this court [on] November 18. [Appellant] took [a] direct appeal to the Superior Court [on] December 17, 2015. [Appellant] was directed to file [a] Concise Statement of Matters Complained of on Appeal[5] within 21 days by Court Order dated December 18, and was granted a thirty (30) day extension on December 23 due to the status of transcripts and Defense Counsel's January trial.
>
> [Appellant] filed the instant Concise Statement on February 5, 2016.[6]

*Id.* at 3.

Appellant has raised the following issues for this court's review:

> [1.] Was the evidence presented at the time of the Gagnon II hearing insufficient to sustain a finding [appellant] violated the conditions of his supervision?

---

[4] On counts 2 through 10, all third-degree felonies, appellant received consecutive sentences of 3½ to 7 years' imprisonment. (Notes of testimony, 11/6/15 at 19-20.) On count 11, theft of services, a second-degree misdemeanor, appellant received a consecutive sentence of 1 to 2 years' imprisonment. (*Id.* at 20.) However, the sentences at counts 7 through 11 were run concurrently with the sentences at counts 2 through 6 for an aggregate sentence of 17½ to 35 years' imprisonment. (*Id.* at 21.)

[5] Pa.R.A.P. 1925(b).

[6] Appellant received an extension of 30 days from the original deadline to file his Rule 1925(b) statement. (Docket #45.) Therefore, appellant's Rule 1925(b) statement was due on or before Monday, February 8, 2016. 1 Pa.C.S.A. § 1908. As such, appellant's Rule 1925(b) statement, filed on Friday, February 5, 2016, was timely.

[2.] Is the sentence imposed upon [appellant] too harsh for the alleged conduct he was found to have been engaged in violation of his conditions of supervision, and thus unreasonable, manifestly excessive and an abuse of discretion?

Appellant's brief at 5.[7]

Before proceeding to appellant's issues on appeal, we must address a jurisdictional question.[8] Pennsylvania Rule of Criminal Procedure 708(E), relating to revocation of probation or parole, provides as follows:

**(E)  Motion to Modify Sentence**

A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. ***The filing of a motion to modify sentence will not toll the 30-day appeal period.***

Pa.R.Crim.P. 708(E) (emphasis added).

Under this rule, the mere filing of a motion to modify sentence does not affect the running of the 30-day period for filing a timely notice of appeal. Any appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence. ***See Commonwealth v. Coleman***, 721 A.2d 798, 799,

---

[7] A third issue raised in appellant's Pa.R.A.P. 1925(b) statement, challenging the constitutionality of the warrantless search, has been abandoned on appeal.

[8] Although neither the Commonwealth nor the trial court raises the issue of the timeliness of this appeal, this court may raise questions of appellate jurisdiction ***sua sponte***. ***Commonwealth v. Parlante***, 823 A.2d 927, 929 n.4 (Pa.Super. 2003), citing ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 791 (Pa.Super. 2001).

> fn.2 (Pa.Super. 1998). ***See also*** Pa.R.A.P. 1701(b)(3).

***Id.***, Comment. ***See also Parlante***, 823 A.2d at 929 ("An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is entered, regardless of whether or not she files a post-sentence motion. Therefore, if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied." (citations omitted)).

As recounted above, appellant was sentenced on November 6, 2015. Therefore, appellant had until Monday, December 7, 2015, to file a timely notice of appeal. 1 Pa.C.S.A. § 1908. Appellant's motion to modify his revocation sentence, although filed within 10 days, did not toll the 30-day appeal period. Pa.R.Crim.P. 708(E). Accordingly, appellant's notice of appeal filed December 17, 2015 was untimely.

Nevertheless, we will not quash the instant appeal where the record indicates that appellant was misinformed as to the relevant appeal period. Prior to sentencing, the trial court played a video explaining the defendants' post-sentence and appellate rights:

> If your post-sentence motion is denied you have the right to appeal the Sentence Order to the Pennsylvania Superior Court. Your right to appeal to the Pennsylvania Superior Court expires 30 days after the date of sentencing or 30 days after the Court files an Order resolving your post-sentence

> motion, if you have filed a post[-]sentence motion within 10 days following sentencing.

Notes of testimony, 11/6/15 at 4-5.

> In any event, the appeal to the Pennsylvania Superior Court must be filed within 30 days either from the date of the sentence or 30 days from the date the Court acts finally on your post-sentence motion, whichever is later.

*Id.* at 5-6.

Obviously, this was a misstatement of the law as it pertained to appellant, a probation violator. Nor was the error rectified after appellant was resentenced. (*Id.* at 21.) Appellant was never properly advised of the correct appeal deadline pursuant to Pa.R.Crim.P. 708(D)(3).[9] Therefore, although appellant's notice of appeal was untimely, we will consider this a *nunc pro tunc* appeal based on a breakdown of the court, and review his claims on the merits. *See*, *e.g.*, *Commonwealth v. Flowers*, ___ A.3d ___, 2016 WL 6157509, at *3-4 (Pa.Super. October 24, 2016) (trial court

---

[9] **(D) Sentencing Procedures**

> (3) The judge shall advise the defendant on the record:
>
> > (a) of the right to file a motion to modify sentence and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal[.]

provided the appellant with incorrect information about the appeal deadline, and his late filing was therefore excused because the misinformation constituted a breakdown of the judicial process); *Parlante*, 823 A.2d at 929 ("[W]e decline to quash this appeal because Parlante's error resulted from the trial court's misstatement of the appeal period, which operated as a 'breakdown in the court's operation.'"); *Coolbaugh*, 770 A.2d at 791 (where the appellant was led to believe that he had 30 days to appeal from the denial of his reconsideration motion following revocation of his probation, this court declined to quash the appeal, recognizing that the problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation); *Commonwealth v. Anwyll*, 482 A.2d 656, 657 (Pa.Super. 1984) (although the appeal was untimely, where the defendant's failure to appeal on time appeared to be a result of a breakdown in the operation of the trial court, which gave erroneous information as to the appeal period, the appeal would not be quashed as untimely but would be regarded as though filed *nunc pro tunc* and considered on the merits).

In his first issue on appeal, appellant argues that the Commonwealth failed to prove that he violated the conditions of his supervision. (Appellant's brief at 12.) Appellant argues that the sole evidence that he possessed child pornography was the testimony of James Krauss, his probation officer, who testified regarding what he saw on appellant's digital

devices. (**Id.**) Appellant complains that no expert testimony was presented to authenticate the images. (**Id.**)

> The procedures for revoking probation and the rights afforded to a probationer during revocation proceedings are well settled:

>> [w]hen a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed. **Commonwealth v. Ferguson**, 761 A.2d 613 (Pa.Super. 2000) (citing **Commonwealth v. Holmes**, 248 Pa.Super. 552, 375 A.2d 379, 381 (1977)). Where a finding of probable cause is made, a second, more comprehensive hearing, a **Gagnon II** hearing, is required before a final revocation decision can be made. **Commonwealth v. DeLuca**, 275 Pa.Super. 176, 418 A.2d 669, 672 (1980).

>> The **Gagnon II** hearing entails two decisions: first, a "consideration of whether the facts determined warrant revocation." **Morrissey v. Brewer**, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). "The first step in a **Gagnon II** revocation decision . . . involves a wholly retrospective factual question: whether the parolee [or probationer] has in fact acted in violation of one or more conditions of his parole [or probation]." **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973) (citing **Morrissey**, **supra**, 408 U.S. at 484, 92 S.Ct. 2593, 33 L.Ed.2d 484). It is this fact that must be demonstrated by evidence containing "probative value."

> *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973). "Only if it is determined that the parolee [or probationer] did violate the conditions does the second question arise: should the parolee [or probationer] be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?" *Gagnon v. Scarpelli*, *supra*, 411 U.S. at 784, 93 S.Ct. 1756, 36 L.Ed.2d 656, (citing *Morrissey v. Brewer*, *supra*, 408 U.S. at 484, 92 S.Ct. 2593, 33 L.Ed.2d 484).

*Commonwealth v. Allshouse*, 969 A.2d 1236, 1240 (Pa.Super. 2009),

quoting *Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa.Super. 2001)

(brackets in original).

> Further, we note that there is a lesser burden of proof in a *Gagnon II* hearing than in a criminal trial because the focus of a violation hearing is "whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct." [*Sims*, 770 A.2d] at 350 (internal citation omitted). Thus, the Commonwealth need only prove a violation of probation by a preponderance of the evidence. *Id.* Lastly, hearsay is not admissible at a *Gagnon II* hearing absent a finding of good cause for not allowing confrontation. *Commonwealth v. Kavanaugh*, 334 Pa.Super. 151, 482 A.2d 1128, 1130-31 (1984).

*Allshouse*, 969 A.2d at 1241.

Instantly, Agent Krauss testified that he received information from

appellant's employer that appellant had a cell phone and tablet. (Notes of

testimony, 8/20/15 at 10.)[10]  One of the conditions of appellant's probation was that he not access the internet for pornographic purposes.  (*Id.*) Appellant was also prohibited from possessing any pornographic materials. (*Id.*)  According to appellant's employer, "he overheard [appellant] stating that he had a cell phone that he didn't want his P.O. to know about and he stated that he frequently had an iPad of some sort that was always on him that he always had his eyes on, that was always guarded."  (*Id.*)

On March 13, 2015, appellant arrived at the probation office for a conference.  (*Id.* at 19.)  At first, appellant denied owning a cell phone with internet capabilities, but later admitted that he did own such a device.  (*Id.*) Probation officers proceeded to search appellant's vehicle and retrieved a Samsung Galaxy tablet and an HTE cell phone from a black backpack on the front seat.  (*Id.*)  They also recovered several tubes of KY lubricating jelly from inside of appellant's backpack.  (*Id.* at 27.)  Agent Krauss observed approximately six stuffed animals and large amounts of chocolate in the rear of the vehicle.  (*Id.* at 20.)

The seized items were taken into the probation office.  (*Id.*)  When Agent Krauss asked appellant if there were any photographs on his phone, "he just put his head down."  (*Id.*)  Agent Krauss discovered multiple images of child pornography on appellant's cell phone, including graphic

---

[10] Agent Krauss is a state parole agent working out of the Allentown district office.  (*Id.* at 3.)

pictures of young children between ages 5 and 10. (*Id.*) There were also video files, including one depicting a female child approximately 6-8 years old inserting an object into her vagina. (*Id.*) In another video, an adult male masturbated and ejaculated onto the face of a 6-8 year old girl. (*Id.* at 21-21.) Agent Krauss found additional pictures and videos on appellant's Samsung Galaxy tablet. (*Id.* at 21.) Agent Krauss testified that they all depicted children between ages 5 and 16. (*Id.*) At that point, they notified police and appellant was taken into custody. (*Id.*)

When appellant was asked if he had any additional contraband in his apartment, he refused to answer. (*Id.*) Upon further questioning, however, he admitted that there was "stuff" in his room. (*Id.*) Agent Krauss and another probation officer, together with state police, entered appellant's residence and conducted a search. (*Id.* at 22.) Underneath the bed, they found a cell phone containing graphic photos of what appeared to be child pornography. (*Id.*) At that time, the investigation was turned over to the state police who obtained a search warrant which was executed on March 14, 2015. (*Id.*)

Clearly, Agent Krauss's testimony was sufficient to find that appellant violated the terms and conditions of his probationary supervision; specifically, that he not download or possess pornographic images. In fact, the underlying charges related to possession of child pornography. Appellant cites no authority for the proposition that the Commonwealth was

required, at a **Gagnon II** revocation hearing, to present expert testimony to authenticate the images. (Appellant's brief at 12.) As stated above, the Commonwealth need only prove a probation violation by a preponderance of the evidence. **Allshouse**, 969 A.2d at 1241. There is no evidence that the images were digitally altered, as appellant suggests. (**Id.**) Furthermore, whether or not the photographs depicted "real" children, appellant was prohibited from possessing pornography of any kind. This claim fails.

In his second issue on appeal, appellant claims that his sentence of 17½ to 35 years' incarceration was manifestly excessive and an abuse of discretion. Appellant argues that all of his sentences should have been run concurrently and that the trial court failed to adequately consider various mitigating factors, including his remorse, his voluntary participation in sexual offender programming, and the fact that he faced additional charges as a result of the same conduct underlying the petition to revoke probation. (Appellant's brief at 9, 13-14.) Appellant also argues that the items found in his vehicle were innocent in nature and did not, in and of themselves, indicate criminal motive. (**Id.**)[11]

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. [**Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa.Super. 2006)]; 42 Pa.C.S.A. § 9781(b). Specifically, the appellant must present, as part of the appellate brief, a

---

[11] We assume that appellant is referring to the KY jelly, stuffed animals, and chocolates.

> concise statement of the reasons relied upon for allowance of appeal. ***Malovich***, 903 A.2d at 1250; Pa.R.A.P. 2119(f). In that statement, the appellant must persuade us there exists a substantial question that the sentence is inappropriate under the sentencing code. ***Malovich***, 903 A.2d at 1250; Pa.R.A.P. 2119(f).

***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa.Super. 2008).

> In general, an appellant may demonstrate the existence of a substantial question by advancing a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or violated a fundamental norm of the sentencing process. ***Malovich***, 903 A.2d at 1252. While this general guideline holds true, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented actually form a substantial question. ***Id.*** Thus, we do not include or exclude any entire class of issues as being or not being substantial. ***Id.*** Instead, we evaluate each claim based on the particulars of its own case. ***Id.***

***Id.*** at 289-290.

In his Rule 1925(b) statement, appellant framed his discretionary aspects of sentencing claim as follows: "The sentence received by [appellant] from the lower court was too harsh for the alleged conduct the Court used to find [appellant] violated the conditions of supervision[.]" (Rule 1925(b) statement, 2/5/16 at 2, ¶3(b); docket #8.) A bald allegation that the sentence appellant received was "too harsh" is vague and waives the issue on appeal. Rule 1925(b) provides: "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with

sufficient detail to identify all pertinent issues for the judge."

Pa.R.A.P. 1925(b)(4)(ii).

> It has been held that when the trial court directs an appellant to file a concise statement of matters complained of on appeal, any issues that are not raised in such a statement will be waived for appellate review. **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa.Super. 2001), citing **Commonwealth v. Lord**, 553 Pa. 415, 418, 719 A.2d 306, 308 (1998). Similarly, when issues are too vague for the trial court to identify and address, that is the functional equivalent of no concise statement at all. **Id.** Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. **Commonwealth v. Lemon**, 804 A.2d 34, 37 (Pa.Super. 2002). Thus, Rule 1925 is a crucial component of the appellate process. **Id.** "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Id.**, citing **Dowling**, **supra**.

**Commonwealth v. Smith**, 955 A.2d 391, 393 (Pa.Super. 2008) (**en banc**).

Similarly, in his motion to modify sentence, appellant asserted that his sentence was "too harsh" and excessive. (Motion to modify sentence, 11/16/15 at 2; docket #11.) The only specific allegation was that the trial court abused its discretion in imposing consecutive sentences. (**Id.**) **See Commonwealth v. Felder**, 75 A.3d 513, 515 (Pa.Super. 2013), **appeal denied**, 85 A.3d 482 (Pa. 2014) ("Challenges to the discretionary aspects of a sentence must be raised first in the trial court, either in a post-sentence motion or by presenting them during the sentencing proceedings. The failure to do so results in a waiver of all such claims.") (citations omitted).

- 14 -

Appellant's vague and boilerplate sentencing claim is waived for appeal purposes.[12]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2016

---

[12] At any rate, appellant's allegations in his Rule 2119(f) statement that his sentences should have been run concurrently and that the trial court failed to give adequate weight to certain mitigating factors do not raise a substantial question for this court's review. (Appellant's brief at 9.) **Commonwealth v. Williams**, 562 A.2d 1385 (Pa.Super. 1989) (**en banc**) (an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence); **Commonwealth v. Perry**, 883 A.2d 599, 603 (Pa.Super. 2005) ("[i]n imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed.") (citations omitted); **Commonwealth v. Mastromarino**, 2 A.3d 581, 586-587 (Pa.Super. 2010), **appeal denied**, 14 A.3d 825 (Pa. 2011) (same). We also note that the sentencing guidelines do not apply to sentences imposed as the result of probation revocations. **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa.Super. 2000) (citations omitted).