J-A22043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARISSA DIANE BIRSTER | |
| Appellant | No. 468 MDA 2020 |

Appeal from the Judgment of Sentence entered February 7, 2020
In the Court of Common Pleas of Northumberland County
Criminal Division at No: CP-49-CR-0001088-2019

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:  **FILED MARCH 01, 2021**

Appellant, Marissa Diane Birster, appeals from the judgment of sentence imposed on February 7, 2020, in the Court of Common Pleas of Northumberland County following revocation of her probation.  The case returns to us following remand for appointment of new counsel, filing of a Rule 1925(b) statement, and issuance of a Rule 1925(a) opinion.  For the reasons set forth below, we affirm in part, reverse in part, and remand for resentencing.

By way of background, at the conclusion of a revocation of probation hearing conducted on February 7, 2020, the trial court determined Appellant violated her supervision.  With respect to her conviction for endangering the welfare of children ("EWOC"), the court revoked Appellant's probation and resentenced her to a term of two years plus one day to four years in a state

correctional institution, with credit for time served. With regard to her conviction for possession of a controlled substance, the court revoked Appellant's probation and resentenced her to a county sentence of three to six months in the Northumberland County Jail, concurrent with her EWOC sentence.[1] The court announced that Appellant could be paroled immediately to the state sentence for EWOC.

Appellant filed a motion for reconsideration of sentence on February 10, 2020, arguing, *inter alia*, that the trial court improperly permitted hearsay testimony of Probation Officer Kasey Fisher in violation of Appellant's Confrontation Clause rights. The testimony at issue related to Appellant's alleged conversations with her own probation officer, Matt Naracavage, who was unavailable to testify at the hearing because he was on paternity leave. Appellant also complained that she was resentenced without being afforded the right of allocution. By order entered on February 12, 2020, the trial court denied the motion. Appellant's counsel at the time, Jerry Grill, Esquire, of the Northumberland County Public Defender's Office, filed a timely appeal. On March 30, 2020, the trial court ordered the filing of a Rule 1925(b) statement. Counsel did not comply and the trial court issued an order on April 30, 2020, indicating it would not file a Rule 1925(a) opinion.

---

[1] The possession charges were filed under a separate Northumberland County docket number, CR-1090-2019. Appellant did not pursue an appeal to this Court from that conviction.

On June 5, 2020, Attorney Michael D. Suders filed a brief with this Court on behalf of Appellant.[2]  The Commonwealth filed its brief raising, *inter alia*, Appellant's failure to file a Rule 1925(b) statement and the resultant waiver of all issues on appeal.

In accordance with Pa.R.A.P. 1925(c)(3), we remanded for appointment of new counsel, filing of a Rule 1925(b) statement, and issuance of a Rule 1925(a) opinion.  By order entered November 9, 2020, the trial court appointed Gerald Iwanejko, Jr., as counsel for Appellant and directed counsel to file a Rule 1925(b) statement within 21 days of the order.  Counsel complied.[3]  On January 20, 2021, the trial court issued its Rule 1925(a) opinion.  We are now in a position to consider Appellant's issues on appeal.

In her Rule 1925(b) statement, Appellant asserts the following four errors:

a. [The trial court] incorrectly allowed the hearsay testimony of the Northumberland County PA probation officer at the 7 February 2020 hearing on the Petition to Revoke Probation to be provided without a recognized hearsay exception.

b. [The trial court] incorrectly allowed the aforesaid hearsay testimony to be provided in violation of the Confrontation Clause of the 6th Amendment to the United States Constitution.

---

[2] Although Attorney Suders does not identify himself as an assistant public defender, the address on the brief is the address of the Northumberland County Public Defender's Office.

[3] As reflected on page 2 of the Rule 1925(b) statement, Attorney Iwanejko is an attorney in the Northumberland County Public Defender's Office.

> c.  [The trial court] failed to allow [Appellant] an opportunity to be heard prior to re-sentencing by way of allocution.
>
> d.  [The trial court] failed to adequately weigh the originally imposed sentence of probation only in light of the severity of the alleged violation(s) in imposing a State Correctional Institution sentence upon revocation.

Rule 1925(b) Statement at 2 (citations omitted).

As noted, prior counsel filed a brief with this Court on June 5, 2020, despite the lack of a Rule 1925(b) concise statement. In that brief, Appellant raised an issue challenging the trial court's ruling on hearsay testimony and an issue relating to sentencing, and specifically challenged the trial court's failure to provide Appellant her right of allocution prior to resentencing. Because the issues raised in Appellant's Rule 1925(b) statement were adequately addressed in her brief, and because the Commonwealth responded to those issues is its brief filed on June 24, 2020, we are able to address Appellant's issues without supplemental briefs.

In her first two issues, Appellant complains that the trial court permitted the testimony of Probation Officer Fisher without a recognized hearsay exception and in violation of the Confrontation Clause of the Sixth Amendment. "An appellate court's standard of review of a trial court's evidentiary rulings, including rulings on the admission of hearsay . . . is abuse of discretion." *Commonwealth v. Walter*, 93 A.3d 442, 449 (Pa. 2014) (citation omitted). Therefore, this Court will not disturb an evidentiary ruling unless "the law is overridden or misapplied, or the judgment exercised is

- 4 -

manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by evidence of record." ***Commonwealth v. Cooper***, 941 A.2d 655, 667 (Pa. 2007) (citation omitted). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." ***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa. Super. 2012) (citation omitted).

A review of the revocation hearing transcript reflects that Probation Officer Fisher ("Fisher") testified on direct examination as to the notes entered in the probation office system by her partner, Probation Officer Matt Naracavage ("Naracavage"), who was on paternity leave at the time of the hearing and unable to attend.[4] Fisher testified that she had supervised Appellant for a period of time. Notes of Testimony, 2/7/20, at 6. She explained that Appellant absconded from a rehab program at Gaudenzia, leading the probation office to issue a warrant for her arrest. Following up on information concerning Appellant's whereabouts, Naracavage was present for Appellant's arrest and then entered a note into the system used by the office to document all notes regarding offenders. ***Id.*** at 7-8. Only the probation officers and supervisors in the office have access to the system. ***Id.*** at 8.

---

[4] In light of Naracavage's unavailability for the hearing, the Commonwealth requested a continuance. Appellant's counsel objected. The Commonwealth then proposed that Naracavage testify by telephone. Appellant's counsel again objected, noting he was not familiar with Naracavage and wanted him in the courtroom. Notes of Testimony, 2/7/20, at 3-4.

Fisher explained that she became aware of Naracavage's note regarding Appellant's arrest because "we have the ability to forward the note to the supervising PO." *Id.* at 9. She testified that Naracavage's note indicated that he followed up on the information relating to Appellant's whereabouts, and that Appellant was found at the location, taken into custody, and admitted ingesting methamphetamine before being transported to jail. *Id.* at 9-10. Moreover, she spoke with Naracavage that same evening about what happened at the arrest. *Id.* at 7.

Following cross-examination, the trial court questioned Fisher about access to the computers and whether the notes entered into the computer are "regularly kept in the course of business of the probation office." *Id.* at 13. Fisher confirmed that was the case and that the notes are proprietary to members of the probation office and are accessible only by passwords. *Id*. "The court ruled the testimony could be used as it believed this would fall under the business records exception to the hearsay rule." Trial Court Opinion, 1/20/21, at 3 (unnumbered).

"Hearsay" is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). Under the Pennsylvania Rules of Evidence, hearsay evidence is incompetent and inadmissible unless it meets an exception set forth in the Rules or one prescribed by our Supreme Court or by statute. Pa.R.E. 802. One such

exception to the prohibition against hearsay, and the exception at issue in this case, is commonly known as the business records exception, which permits the admission of:

> A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if:
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6). *See also* 42 Pa.C.S.A. § 6108(b), which provides:

> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

Under the circumstances of this case, and in light of the testimony presented by Fisher, we discern no abuse of discretion in the trial court's determination that the Commonwealth satisfied the conditions of Pa.R.E.

803(6). Therefore, we shall not disturb its ruling regarding admission of Fisher's testimony under the business records exception to the hearsay rule. Appellant's first issue fails.

In her second issue, Appellant contends that admission of Fisher's testimony violated the Confrontation Clause of the Sixth Amendment. This Court considered and rejected a similar argument in ***Commonwealth v. Colon***, 102 A.3d 1033 (Pa. Super. 2014), a case that involved an excited utterance hearsay exception. This Court noted:

> With regard to the Sixth Amendment right to confrontation, this Court has explained "[t]he Confrontation Clause in the Sixth Amendment to the United States Constitution provides that [i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . ." ***Commonwealth v. Wantz***, 84 A.3d 324, 337 (Pa. Super. 2014) (citations and internal quotations omitted). Probation and parole revocation hearings however, are not equivalent to criminal prosecutions. Rather, because "[p]robation, like parole, is not part of the criminal prosecution . . . the full panoply of rights due a defendant in a criminal trial does not apply to probation revocation. Probation is a suspended sentence of incarceration served upon such terms and conditions as imposed by the sentencing court. Probation revocation requires a truncated hearing by the sentencing court to determine whether probation remains rehabilitative and continues to deter future antisocial conduct. Such a hearing takes place without a jury, with a lower burden of proof, and with fewer due process protections." ***Commonwealth v. Holder***, 569 Pa. 474, 805 A.2d 499, 503–504 (2002). At a probation or parole revocation hearing, the following procedural safeguards apply:
>
>> (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; ***(d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically***

> ***finds good cause for not allowing confrontation);*** (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.
>
> ***Commonwealth v. Ferguson***, 761 A.2d 613, 617–618 (Pa. Super. 2000) *quoting* ***Gagnon v. Scarpelli***, 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973) (emphasis added).

***Id.*** at 1039-40.

Here, Naracavage was unable to attend the revocation hearing because he was on paternity leave. Appellant objected to continuing the hearing or permitting Naracavage to testify by telephone, despite the fact he was on leave. Under the circumstances, a finding of good cause was warranted. As the Commonwealth contends, while the trial court did not specifically announce a finding of good cause, this Court has found the admission of hearsay without a specific finding of good cause to be harmless error. Commonwealth Brief at 4 (citing ***Commonwealth v. Kavanaugh***, 482 A.2d 1128, 1133 (Pa. Super. 1984)). As in ***Kavanaugh***, Appellant here was not prejudiced by the trial court's error because the court had before it sufficient evidence independent of the hearsay to find by a preponderance of the evidence that Appellant had violated her probationary sentence by absconding from her rehab program. As reflected in the revocation hearing transcript, Appellant's counsel indicated that "Appellant is willing to admit that she did leave Gaudenzia in Lancaster." Notes of Testimony, 2/7/20, at 3. Appellant's second issue fails for lack of merit.

In her third issue, Appellant complains that the trial court erred when it failed to allow Appellant to address the court prior to imposition of sentence. The trial court "acknowledges it failed to afford [Appellant] the opportunity, without objection by defense counsel, however, this was an unintentional oversight and not any attempt by this court to deny [Appellant] her right to make an allocution statement." Trial Court Opinion, 1/20/21, at 3 (unnumbered) (some capitalization omitted).

The Pennsylvania Rules of Criminal Procedure require that "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf[.]" Pa.R.Crim.P. 708(D)(1); *see also* Pa.R.Crim.P. 704(C)(1). It is the sentencing court's obligation to inform the defendant of her right to speak prior to sentencing. *Commonwealth v. Thomas*, 553 A.2d 918, 919 (Pa. 1989). Where the trial court fails to inform the defendant of her right, a resentencing hearing is required. *Id.*; *see also Commonwealth v. Hague*, 840 A.2d 1018, 1019 (Pa. Super. 2003) (failure to afford a defendant the right to allocution requires remand to allow for allocution prior to resentencing).

Even with "an unintentional oversight," the fact remains that the trial court failed to inform Appellant of her right to allocution. Further, Appellant did not address the court before resentencing, except to say, "I don't get the chance to speak or nothing[?]" Notes of Testimony, 2/7/20, at 17. Because

Appellant properly preserved the issue, she is entitled to a remand for resentencing.[5]

We affirm the trial court's February 7, 2020 order insofar as it revokes Appellant's probation. In light of the trial court's failure to afford Appellant her right of allocution, we reverse the judgment of sentence and remand for resentencing only.

Order affirmed in part and reversed in part. Case remanded for further proceedings in accordance with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/01/2021

---

[5] In her Rule 1925(b) statement, Appellant raised a fourth issue, which relates to sentencing. Because we are remanding for resentencing, we need not address this issue.